UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDRE LAMONT REDDIC                                          CIVIL ACTION

VERSUS                                                       NUMBER: 14-0653

MARLIN GUSMAN (SHERIFF),                                     SECTION: "J"(5)
ET AL.

## REPORT AND RECOMMENDATION

Presently before the Court is Defendants' motion to dismiss pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure.  (Rec. doc. 5).  Plaintiff has filed no

memorandum in opposition to Defendants' motion.[1/]  For the reasons that follow, it is

recommended that Defendants' motion be granted and that Plaintiff's suit be dismissed.

Plaintiff is an inmate of the Orleans Parish Prison ("OPP") who initiated this 42

U.S.C. §1983 proceeding *in forma pauperis* ("IFP") pursuant to 28 U.S.C. §1915.  (Rec. docs.

3, 2).  In the caption of his complaint, Plaintiff identifies as the defendants herein Sheriff

Marlin Gusman, "O.P.P. Medical," and "O.P.P. Dential (sic)."  (Rec. doc. 3, p. 1).  On page four

of his complaint wherein he was asked to list the defendants separately with the cautionary

---

[1/] As Plaintiff has filed no opposition to Defendants' motion, timely or otherwise, the Court may properly assume that he has no opposition to it.   *See* Local Rule 7.5, *Bean v. Barnhart*, 473 F.Supp. 2d 739, 741 (E.D. Tex. 2007).

instruction, in bold, that **"[t]he parties listed below must be exactly the same as those listed in your caption,"** plaintiff identified, in addition to the Sheriff, the "O.P.P. Medical Staff" which was employed as "Nurses/Doctors/Dentist" and the "O.P.P. Dentist/Staff" which is made up of a "Dentist/Technicians."   (*Id.* at p. 4).  As his statement of claim herein, plaintiff states that he suffered various injuries while he was incarcerated at OPP in October of 2013, resulting in his jaw being wired shut.  Plaintiff was subsequently released from OPP but was rearrested on December 30, 2013 and was returned to that facility whereupon he made a number of verbal complaints to the Medical Staff about his jaw still being wired shut and, following that, a number of formal jail grievances.  At some point, Plaintiff states that "[t]he nursing staff admitted that the wires were overdue to be removed, alerting the Dentist as such, and still nothing was done . . ."  Plaintiff charges the dentist with being "[d]eliberately [i]ndifferent" to the situation, for which he seeks the immediate removal of the wires and fifty thousand dollars in damages.  (Rec. doc. 3, pp. 5-6).

The Defendants now move for the dismissal of Plaintiff's claims under Rule 12(b)(6), arguing that his complaint is totally devoid of any facts demonstrating the involvement of the Sheriff in this matter and that the remaining defendants are not juridical entities that are capable of being sued under §1983.  Of course, on a Rule 12(b)(6) motion like the one *sub judice*, the appropriate standard is whether the facts pled by the plaintiff have sufficient facial plausibility.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949 (2009).

Because the doctrine of *respondeat superior* has no place in §1983 proceedings like this one, a supervisory official like the Sheriff would only be liable if he ". . . was personally involved in the acts causing the deprivation of . . . [plaintiff's] constitutional rights or that a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *Howard v. Gusman*, No. 11-CV-2602, 2011 WL 6130763 at *1-2 (E.D. La. Nov. 17, 2011), *adopted*, 2011 WL 6148592 (E.D. La. Dec. 8, 2011). "Plaintiffs suing governmental officials in their individual capacities . . . must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to a constitutional violation." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002)(citation omitted). Other than identifying the Sheriff as a defendant in the caption of and again on page four of his complaint, Plaintiff's principal pleading contains no allegations whatsoever that the Sheriff was personally involved in the provision of his medical/dental care. Without such personal involvement, the Sheriff cannot be held liable in his individual capacity as that is an essential element of a civil rights cause of action. *Allen v. Gusman*, No. 05-CV-1633, 2006 WL 286007 at *3 n. 8 (E.D. La. Feb. 2, 2006)(citing *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)). Plaintiff's §1983 claim against the Sheriff in his official capacity fares no better as he makes no showing that the Sheriff violated his clearly established constitutional rights with subjective deliberate indifference and that the violation resulted from a policy or custom adopted or maintained with objective deliberate indifference. *Allen*, 2006 WL 286007 at *3 n. 8 (citing *Olabisiomotosho v. City of Houston*, 185 F.3d 521,

528-29 (5th Cir. 1999)).  As such, Plaintiff's complaint fails to state a claim against the Sheriff upon which relief can be granted.  *Howard*, 2011 WL 6130763 at *2.

With the recommended dismissal of Plaintiff's claims against the Sheriff, that leaves before the Court Plaintiff's claims against the OPP Medical and Dental Departments and/or the unidentified staff members of those departments.  On that score, it is axiomatic that in order to set forth a cognizable claim under §1983, an aggrieved party must allege that the defendant, a "person" acting under color of state law and in accordance with an established state procedure, deprived him of the rights, privileges, or immunities secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 330, 101 S.Ct. 1908 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330, 106 S.Ct. 662, 664 (1986).  A department within a prison facility is not considered to be a person within the meaning of §1983.  *Howard*, 2011 WL 6130763 at *2-3; *Jacobson v. Gusman*, No. 09-CV-3695, 2009 WL 2870171 at *2 (E.D. La. Aug. 10, 2009), *adopted*, 2009 WL 2957961 (E.D. La. Aug. 26, 2009).  In the absence of any specifically named jail personnel who allegedly violated Plaintiff's constitutional rights, there are no appropriate juridical persons before the Court against whom judgment may properly be entered. *Howard*, 2011 WL 6130763 at *2-3; *Allen*, 2006 WL 286007 at *3 n. 8.  In light of the foregoing authorities, it will be recommended that defendants' motion to dismiss be granted in this respect as well.

<u>**RECOMMENDATION**</u>

For the foregoing reasons, it is recommended that the Defendants' Rule 12(b)(6) motion be granted and that Plaintiff's suit be dismissed.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 15th day of _____ May _____, 2014.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE